**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN, J., and MARKLE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 5, 2023**

# In the Court of Appeals of Georgia

A23A0200. GOODE v. THE STATE.

MCFADDEN, Presiding Judge.

Dakota Joy Goode appeals the order denying her motion to suppress. We hold that the state failed to meet its burden of proving that Goode's detention was not unlawfully prolonged. So we reverse.

1. *Trial court's findings of fact.*

The manner in which we review a ruling on a motion to suppress is as follows: First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and [her] findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must

construe the evidence most favorably to the upholding of the trial court's findings and judgment.

*Jones v. State*, 314 Ga. 605, 609 (2) (878 SE2d 505) (2022) (citation and punctuation omitted). "[W]e must focus on the facts found by the trial court *in its order*, as the trial court sits as the trier of fact." *Miller v. State*, 288 Ga. 286, 287 (1) (702 SE2d 888) (2010) (emphasis in original).

The trial court found the following facts in her order. Deputy Sheriff Cameron O'Kelley was transporting an arrestee to the jail when he saw two vehicles failing to maintain their lane of travel. O'Kelley radioed a description of the vehicles to another deputy who was patrolling the area. That other deputy stopped the vehicles. Goode and her husband were the drivers.

Within 30 minutes of calling in the vehicle descriptions, O'Kelley arrived at the business where Goode and her husband had been stopped by the other deputy. O'Kelley spoke with Goode, noticed an odor of alcohol coming from her breath, and immediately began a DUI investigation. O'Kelley had Goode perform field sobriety evaluations and then arrested her; the other deputy arrested Goode's husband.

O'Kelley read Goode the implied consent warning in effect at the time and asked her to submit to a breath test. Goode agreed and was transported to the jail,

2

where she took the breath test which showed that her blood-alcohol concentration was .099.

Goode was charged with driving under the influence of alcohol. We granted her application for interlocutory appeal of the order denying her motion to suppress, and this appeal followed.

2. *Continued detention*.

Goode argues that the state failed to prove that her detention was not impermissibly extended. We agree.

> [T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's "mission" — to address the traffic violation that warranted the stop and attend to related safety concerns[.] Because addressing the infraction is the purpose of the stop, it may last no longer than is necessary to effectuate that purpose. Authority for the seizure thus ends when tasks tied to the traffic infraction are — or reasonably should have been — completed.

*Rodriguez v. United States*, 575 U.S. 348, 354 (II) (135 SCt 1609, 191 LEd2d 492) (2015) (citations and punctuation omitted).

To determine whether the seizure of Goode exceeded the mission of the traffic stop, "we look to what the police in fact [did]." *State v. Fish*, 365 Ga. App. 605, 609 (1) (879 SE2d 694) (2022) (punctuation omitted; citing *Rodriguez*, supra). But the

3

trial court made no findings about what the deputies in fact did from the time they stopped Goode until the time O'Kelley arrived and immediately began his DUI investigation. Indeed, the state presented no evidence on this issue.

On the issue of the duration of the stop, the trial court found that O'Kelley arrived at the scene of the stop within 30 minutes of calling in the vehicle descriptions; he immediately began a DUI investigation; and other deputies had pulled over Goode's husband, who was also arrested. The trial court did not decide whether the state had met its burden of proving that the seizure was *not* unnecessarily prolonged. See *Dominguez v. State*, 310 Ga. App. 370, 372 (714 SE2d 25) (2011). Instead, the trial court made a slightly different holding: that the record did not show that the stop *was* unnecessarily prolonged, particularly in light of the fact that the deputies were dealing with two vehicles and two eventual DUI investigations.

It is true that "good cause [can] appear[ ] to justify a continuation of the detention to pursue a different investigation." *Rodriguez v. State*, 295 Ga. 362, 369 (2) (b) (761 SE2d 19) (2014). See also *Crider v. State*, 336 Ga. App. 83, 85-86 (1) (a) (783 SE2d 682) (2016), overruled on other grounds, *Hill v. State*, 360 Ga. App. 143, 146, n.4 (860 SE2d 893) (2021). But "[t]he [s]tate bears the burden of proving facts that establish a basis for continued detention," *Reyes v. State*, 334 Ga. App. 552, 556

4

(2) (780 SE2d 674) (2015), and here, the state failed to present any evidence as to the good cause to justify a continuance of the detention for a DUI investigation.

Because the state failed to meet its burden of showing that the traffic stop was not unreasonably prolonged, the trial court erred in denying Goode's motion to suppress and we reverse. We do not reach Goode's other claims of error.

*Judgment reversed. Brown and Markle, JJ., concur*.